UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RICHARD PULLEY,<br><br>    Plaintiff,<br><br>    v.<br><br>WELLS FARGO BANK, N.A.; US BANK, N.A., AS TRUSTEE FOR WELLS FARGO ASSET SECURITIES CORPORATION, MORTGAGE PASSTHROUGH CERTIFICATES, SERIES 2006-AR-2; CAL-WESTERN RECONVEYANCE CORPORATION, and DOES 1-50, inclusive,<br><br>    Defendants. | Case No. 13-cv-05904 NC<br><br>**ORDER TO SHOW CAUSE WHY REMOVAL IS PROPER**<br><br>Re: Dkt. No. 1 |

    On December 19, 2013, defendants Wells Fargo and U.S. Bank removed this action to federal court on the basis of diversity jurisdiction, 28 U.S.C. § 1332(a). Dkt. No. 1. However, the removal notice does not contain sufficient allegations to establish the citizenship of all relevant parties for diversity purposes.

    The federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). "If at any time [after removal and] before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be

Case No. 13-cv-05904 NC
ORDER TO SHOW CAUSE

remanded." 28 U.S.C. § 1447(c).

The notice of removal here fails to allege the citizenship of defendant Cal-Western. Numerous courts have considered Cal-Western a citizen of California for the purposes of diversity. *See e.g.*, *Morrow v. Wells Fargo Bank*, No. 12-cv-03045 LB, 2012 WL 5471133, at *4 (N.D. Cal. Nov. 9, 2012); *Osorio v. Wells Fargo Bank*, No. 12-cv-02645 RS, 2012 WL 2054997, at *2 (N.D. Cal. June 5, 2012). Because plaintiff is alleged to be a citizen of California, Dkt. No. 1 at 2, Cal-Western's California citizenship would defeat diversity.

While diversity jurisdiction under 28 U.S.C. § 1332 ordinarily requires complete diversity of the parties, one exception to that rule is where the non-diverse defendant is fraudulently joined. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996); *McCabe v. Gen. Foods*, 811 F.2d 1336, 1339 (9th Cir. 1987). "If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *McCabe*, 811 F.2d at 1339. However, "[t]here is a strong presumption against fraudulent joinder, and defendants who assert this defense in order to defeat diversity jurisdiction 'carry a heavy burden of persuasion.'" *Osorio*, 2012 WL 2054997, at *2 (citations omitted). "Indeed, [defendants] must show to a near certainty that joinder was fraudulent and that plaintiff has *no actual intention to prosecute* an action against those particular resident defendants." *Id.* (internal quotation marks and citations omitted).

The removal notice states that "Cal-Western Reconveyance, the foreclosure trustee, is a nominal defendant whose citizenship is disregarded for purposes of diversity jurisdiction." Dkt. No. 1 at 2. However, the status as trustee is not itself sufficient to render Cal-Western a nominal party. *Couture v. Wells Fargo Bank, N.A.*, No. 11-cv-1096, 2011 WL 3489955, at *3 (S.D. Cal. Aug. 9, 2011); *see also Suelen v. Wells Fargo Bank, N.A.*, No. 13-cv-002 MEJ, 2013 WL 1320697, at 4 (N.D. Cal. Apr. 1, 2013); *Morrow*, 2012 WL 5471133, at *5-6. "[C]ourts have found that trustees are more than nominal defendants where the complaint includes substantive allegations and asserts claims for money damages against the trustee." *Perez v. Wells Fargo Bank, N.A.*, 929 F. Supp. 2d 988, 1002 (N.D. Cal. 2013)

Case No. 13-cv-05904 NC
ORDER TO SHOW CAUSE                2

(citations omitted). The removing defendants here have made no attempt to meet their burden of showing that the joinder of Cal-Western as a defendant is fraudulent.

By January 15, 2014, the removing defendants must show cause in writing why their removal is proper by addressing the Court's concerns identified above. If they do not establish that removal was proper, the Court will remand this action to state court and may order other relief as justice requires.

The removing defendants must also consent or decline the jurisdiction of a magistrate judge by January 15, 2014. See attached consent/declination forms.

IT IS SO ORDERED.

Date: December 26, 2013

Nathanael M. Cousins
United States Magistrate Judge